# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20210-CR-LENARD

**UNITED STATES OF AMERICA,**

      Plaintiff,

vs.

**SIRTAJ "TOSH" MATHAUDA,**

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL (D.E. 263)

**THIS CAUSE** is before the Court on Defendant Sirtaj Mathauda's ("Defendant")

Motion for Judgment of Acquittal, or, in the Alternative, for New Trial ("Motion," D.E. 264),

filed on May 11, 2011.[1]  The government filed its Response in Opposition to the Motion

(D.E. 264) on May 23, 2011.   Having reviewed the Motion, the Response and the record,

the Court finds as follows.

### I.    The Motion

In his Motion, Defendant moves for a judgment of acquittal, or, in the alternative, a

new trial.  Defendant moves for a judgment of acquittal in accordance with his motions made

at the close of the government's case and at the close of all evidence.  (Mot. at 1.)  In the

alternative, Defendant moves this Court to set aside the guilty verdict and grant him a new

trial, claiming error in the following:

---

[1]    On May 10, 2011, Defendant was found guilty, following a jury trial, of twelve
counts of mail fraud, wire fraud, and conspiracy to commit both.  (*See* Jury Verdict, D.E. 257.)

1.    The verdict is contrary to the weight of the evidence.

2.    The verdict is contrary to the facts presented and not supported by substantial evidence.

3.    The court erred in overruling objections by the defendant that prejudiced him during trial.

4.    The court erred in denying the Defendant's motions for mistrial and specifically the following:

        a.    the government's introduction of testimony of alleged victim's source of funds in an attempt to obtain sympathy and curry favor for them when the same had no relevance to the charges against the defendant;

        b.    permitting the testimony of witnesses for the government alluding to the fact the defendant was involved in the planning to maim, dismember or murder witnesses when there was no charge, allegation or basis for the same resulting overwhelming prejudice to the defendant;

        c.    overruling other objections for mistrial at the time the same were made.

5.    The court allowed into evidence exhibits introduced by the government that were not relevant to the charges against the defendant over the objection of the defendant.

6.    The court erred in denying the defendant's request for his theory of defense based upon alcoholism and modified the theory of defense instruction requested in reference to the return of the customers' funds over the defendant's objection.

7.    The court erred in preventing defendant from introducing testimony of co-defendants indicating bias and motive in the testimony presented when the same was relevant and necessary in the cross examination of the witness.  In limiting the cross examination of the witnesses, in particular David Mead, as to his motive and bias, the defendant was denied due process and the ability to effectively cross-examine the witnesses.

8.    As a matter of law, there was reasonable doubt as to the defendant's guilt.

9.    Other errors of record [to be supplemented].

(Mot. at 1-2.)  The government opposes all relief.  (Resp. at 8.)

## II.    Discussion

### A.    Motion for Judgment of Acquittal

Defendant challenges his conviction for wire fraud, mail fraud and conspiracy to commit both.  (*See* Mot. at 1-2.)

In considering a motion for the entry of judgment of acquittal under Federal Rule of Criminal Procedure 29(c), a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction.  *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999).  The district court must view the evidence in the light most favorable to the government.  *Id.*  The court must resolve any conflicts in the evidence in favor of the government, and must accept all reasonable inferences that tend to support the government's case.  *Id.*  The court must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.  *Id.*  It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.  *Id.*

Contrary to what Defendant argued in open court at the close of the government's case and at the close of all evidence,[2] there was considerable evidence adduced at trial from which the jury could find that Defendant, from June 2004 through in or around January 2009, knowingly committed fraud through mail and wire communications and conspired to do the same. Defendant offers no further argument in support of his Motion for a Judgment of Acquittal. Consequently, the Court, in reviewing the evidence in the light most favorable to

---

[2]     Defendant did not present any evidence at trial.

the government, as it must, finds that a reasonable jury could have found Defendant guilty

beyond a reasonable doubt of the crimes for which he was tried.

**B.    Defendant's Motion for New Trial**

Defendant's Motion for New Trial enumerates nine (9) bases for a new trial.  The

Court shall address them in turn.[3]

*1.    The Verdict Is Not Against the Weight of the Evidence*

The Court finds that the jury's verdict is overwhelmingly supported by the evidence

presented at trial, namely: the testimony of four co-conspirators, several victims of

Defendant's crimes and other witnesses such as David Quiros, David Mead and Michael

Henney.  The co-conspirators all testified regarding the fraudulent nature of the defendant's

scheme, including detailed testimony of misrepresentations they and other salesmen made

to victims concerning nonexistent locations, fake references and the purported location of the

business itself.  Each co-conspirator testified that Defendant was one of the owners and

managers of the fraudulent companies, participating in the day-to-day operation of the scam.

The testimony at trial also established that Defendant, along with his co-conspirators,

reincorporated dormant companies in order to deceive potential customers into believing

these operations had a track record of success.  The testimony of Defendant's co-conspirators

was corroborated by other witnesses who did not work at these companies or were only

---

[3]      Defendant also notes "[o]ther errors of record that have not yet been determined,"
as a basis for his motion for new trial.  (Mot. at 2.)  Over thirty (30) days have passed since the
filing of Defendant's Motion and no further purported errors have been identified by Defendant.

4

peripherally involved.  In addition, two tape recordings were presented to the jury regarding the fraudulent business opportunities.

    2.    *The Verdict Is Supported By Substantial Evidence and Not Contrary to the Facts Presented*

Based on the witness testimony and tape recorded evidence described above, the Court finds that the evidence proved beyond a reasonable doubt that defendant committed the crimes that were presented to the jury.

    3.    *Defendant Was Not Prejudiced At Trial By the Court Overruling His Objections*

Defendant's Motion for New Trial does not specify which objections, made by him and overruled by the Court, prejudiced him during trial.  Accordingly, for the reasons stated on the record during trial, the Court does not find Defendant suffered prejudice when his objections were overruled.

    4.    *The Court Did Not Err In Denying Defendant's Motions For Mistrial*

Defendant's argument that the Court should have ordered a mistrial when the victims of Defendant's fraud testified that they financed their investments in the defendant's scheme using second mortgages and savings is without merit.  Such testimony was relevant, in part, to demonstrate that the victims relied upon the misrepresentations and omissions of material facts by the defendant and his co-conspirators to their detriment.  As the Court found during trial, the unfair prejudice from this testimony did not outweigh the probative value of this evidence.

Likewise, Defendant's argument that David Mead's testimony regarding his fear of

death and dismemberment by Defendant's hired men should have caused a mistrial is unpersuasive.  At trial, Mead was asked his management of a bank account for USA Beverages, one of Defendant's companies.  Mead testified that he had frozen the account under suspicion of fraudulent activity.  Defendant and his coconspirators subsequently contacted Mead to reopen the account and/or retrieve the money in it.  Mead then testified that Defendant threatened to report him to the authorities and he felt pressured by Defendant. Defendant and his coconspirators knew Mead was in Panama and could "come after [him]." In response to the prosecutor's follow up question, Mead began to testify that Defendant's "group could have someone come down to Panama and either kill or dismember [Mead]." Defense counsel immediately objected and following a sidebar, the Court struck the statement and instructed the jury to disregard it.

The jury is presumed to follow the district court judge's instructions.  *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir. 2005).  A conviction following an instance where the court issues a curative instruction will be reversed only if "the evidence is so highly prejudicial as to be incurable by the trial court's admonition."  *See United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998) (internal quotes and citation omitted).  Here, Meade's statement came at the end of his testimony about USA Beverage's frozen bank account and was relevant to the issue of Defendant's collection of fraudulently obtained funds. Furthermore, Meade's statement was not so highly prejudicial as to be incurable and the Court's instruction eliminated any potential prejudice; therefore, Defendant's motion for mistrial was properly denied.

The Court finds its remaining denials of Defendant's motion(s) for mistrial were correct and therefore a new trial is not warranted on this basis.

5.      *The Court Properly Allowed the Government's Exhibits Into Evidence*

The Court finds that all evidence presented by the Government and admitted at trial was relevant.  Defendant's general objections on this issue are without merit.

6.      *The Court Did Not Err In Denying Defendant's Theory of Defense Based On Alcoholism and Modifying His Theory Of Defense Instruction*

At his charge conference, Defendant presented two proposed instructions which the Court subsequently denied and modified, respectively.  The first, Defendant's purported defense based on alcoholism, was without factual support from the evidence presented at trial.

The second proposed instruction, that Defendant never intended to keep fraudulently obtained funds because it was his intention to return all customers' payments, had scant support from the testimony and evidence at trial.  Nevertheless, the Court instructed the jury that if it found "from the evidence that the defendant always intended to return customers' payments, then [it] may find that defendant did not have the required intent to defraud customers."  The only change made to the instruction was the insertion of the word "always."  Thus, the Court finds no error in its decision to deny the former proposed instruction and modify the latter.

7.      *Defendant Was Able to Elicit Bias and Motive Testimony From Co-Conspirators*

The Court finds that, at trial, Defendant was able to cross-examine his co-conspirators,

7

including David Mead, as to bias and motive. Where Defendant's questioning of Mead was limited by the government's objection, the Court finds that no error was made.

        *8.*     *No Reasonable Doubt Exists as to Defendant's Guilt*

As discussed above, substantial evidence of Defendant's guilt was presented at trial. Defendant's objection on this issue is without merit

## III.  Conclusion

All of Defendant's arguments in support of a judgment of acquittal, or, in the alternative, motion for a new trial, fail. Accordingly, it is  it is hereby **ORDERED AND ADJUDGED** that Defendant Sirtaj Mathauda's Motion for Judgment of Acquittal, or, in the Alternative, for New Trial (D.E. 264), filed on May 11, 2011, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21stth day of June, 2011.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**