UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20210-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SIRTAJ "TOSH" MATHAUDA,

      Defendant.

_____/

## ORDER

THIS MATTER came before the Court on the Defendant's Request for Grand Jury Transcripts (DE# 573, 10/25/19) filed by the defendant pro se. Pleadings filed by pro se litigants are construed liberally. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009). Moreover, courts "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Applying this liberal construction to the defendant's pro se filings, the undersigned nonetheless concludes that the defendant is not entitled to the relief requested.

The defendant seeks to compel the government to produce the "full and unredacted testimony transcript as presented to the Grand Jury by [government] agent Delfin Alvarez on [March 9, 2010]." Id. at 1. The government describes the transcript as follows:

> The testimony recorded in the 2010 transcript was given in a separate but related case by the same agent who testified about the indictment and

superseding indictments in Mathauda's case. The 2010 transcript regards an indictment against several of Mathauda's co-conspirators, all of whom eventually pleaded guilty. The transcript briefly mentions Mathauda and describes, in part, one of the schemes in which Mathauda participated.

Response (DE# 577 at 2, 11/4/19).

The government states that "[t]he 2010 transcript was produced to Mathauda's counsel in 2011 as potential Jencks material ahead of trial in this matter. However, that case agent ultimately did not take the stand." Response at 2. The government acknowledges that the need for secrecy is lessened in the instant case because "the 2010 transcript involves agent testimony about a matter that has been resolved" and "[t]he government . . . does not believe that producing the transcript to Mathauda would impact any other ongoing investigations or cases." Id. at 5. Nonetheless, the government opposes the relief requested because "Mathauda makes no showing of any particularized need for the 2010 transcript." Id. at 4.

In his reply, the defendant argues that the government should be compelled to provide the 2010 transcript because the government admits to having provided it to the defendant's trial counsel. Reply (DE# 581 at 1, 11/19/19). The defendant further states that he has shown particularized need for Agent Alvarez' grand jury testimony because Agent Alvarez purportedly lied to the grand jury:

> substantial proof and evidence exists to establish lack of subject matter jurisdiction, thereby rendering [the] indictment as being invalid. This, based upon what is now shown as extensive false, premeditated perjured Grand Jury testimony committed by [government] agent Alvarez and wil[l]fully aided by prosecutors [sic] subornation of related perjury.
>
> The Grand Jury testimony requested by defendant as part of (D.E.573) further seeks to prove [the] existence of manifest injustice on the part of the U.S. government.

2

Id. at 2.

The defendant is not entitled to the relief requested. The defendant seeks the 2010 transcript of Agent Alvarez' grand jury testimony for use in his pending appeal. It is well settled that unsubstantiated allegations are insufficient to meet the standard of showing a particularized need. See United States v. Collins, 676 F. App'x 830, 832 (11th Cir. 2017) (per curiam) (noting that defendant's "allegations of perjury and government misconduct rested solely on his own speculative inferences. [The defendant]'s claim that [the witness] told him that he perjured himself and planted drugs on [the defendant] was unsubstantiated, and general or unsubstantiated allegations do not satisfy the particularized need requirement."). Because the defendant has not met his burden of showing a particularized need, the Court will not order the government to provide to the defendant the 2010 transcript of Agent Alvarez' grand jury testimony. It is

ORDERED AND ADJUDGED that the Defendant's Request for Grand Jury Transcripts (DE# 573, 10/25/19) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida this _16_ day of January, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies mailed by Chambers to:
Sirtaj "Tosh" Mathauda
91246-004 Unit B2
Federal Detention Center
P.O. Box 1031
(Low)Coleman, FL 33521-1031

3